IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| REBECCA HOMKES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED AIRLINES, INC., a corporation, and UNITED AIRLINES HOLDINGS, INC., a corporation,<br><br>*Defendants*. | Case No. 20-cv-1998<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Rebecca Homkes, by her attorneys, Austin Bartlett of BartlettChen LLC, and for her Complaint against Defendants United Airlines, Inc. and United Airlines Holdings, Inc. (collectively referred to herein as "United"), alleges the following:

## Jurisdiction, Parties, and Venue

1. In this action, Plaintiff seeks recovery of compensatory damages for bodily injuries she sustained while disembarking an international flight operated by United Airlines, Inc. from Vancouver, British Columbia, Canada

to San Francisco, California, United States as Flight UA2035 on March 28, 2018.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331. This action arises under an international treaty, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, referred to as the "Montreal Convention."

3. Chicago, Illinois is the principal place of business of United Airlines, Inc. and United Airlines Holdings, Inc. and thus venue is proper for this action pursuant to Article 33(1) of the Montreal Convention. Venue is proper in this District under 28 U.S.C. § 1391(b)(1).

**Background**

4. On March 28, 2018, Plaintiff was a passenger on board an aircraft operated by United as Flight UA2035 from Vancouver International Airport (YVR) to San Francisco International Airport (SFO).

5. When Plaintiff boarded Flight UA2035 she was using a cane as she had recently had a minor operation on her right hip. After boarding the aircraft, Plaintiff asked a United flight attendant to stow her cane in the closet during the flight, which the flight attendant did. The flight attendant jokingly said to Plaintiff, "I'll probably forget to give this back to you."

6. After the aircraft landed at San Francisco International Airport, the United flight attendant forgot to return Plaintiff's cane to her. As a result,

while Plaintiff waited for the flight attendant to retrieve her cane, Plaintiff was delayed exiting the aircraft which caused a line of passengers to build behind the Plaintiff and created greater urgency for Plaintiff to exit the aircraft so other passengers could deplane.

7. In violation of industry standards and federal guidance, after the aircraft arrived at the gate, United and its employees and agents allowed a large vertical gap to exist between the floor of the aircraft door and the surface of the jet bridge, which created a dangerous and unsafe condition for passengers exiting the aircraft, especially passengers with mobility impairments like the Plaintiff.

8. As a common carrier, United owes the highest duty of care for the safety of its passengers. United is also required by the Air Carrier Access Act to appropriately assist and accommodate passengers with mobility impairments so they can safely disembark aircraft.

9. United and its employees were aware that Plaintiff was using a cane to ambulate as they had stowed her cane during the flight and retrieved the cane for her after the aircraft arrived at the gate.

10. Despite United's knowledge of Plaintiff's use of a cane and the need for a level and smooth surface so that she could safely disembark the aircraft, United failed to correct the dangerous condition. United's flight attendants also failed to warn Plaintiff of the dangerous condition or provide

her with any type of assistance so she could safely deplane and minimize her risk of falling.

11. As Plaintiff attempted to exit the aircraft while using her cane, Plaintiff fell because of the large vertical gap which existed between the floor of the aircraft door and the surface of the jet bridge.

12. As a result of her fall, Plaintiff fractured her right femur and sustained severe bodily injuries and pain and suffering. She later underwent emergency surgery, followed by physical therapy, and incurred substantial medical expenses, living expenses, transportation expenses, and lost income.

## Count I – Montreal Convention

13. Plaintiff incorporates her allegations 1 through 12 above as though set forth fully herein.

14. As a common carrier, United owes a legal duty to provide its passengers, including the Plaintiff, with a safe means of ingress and egress from the aircraft.

15. After flight UA2035 parked at the gate, United and its employees and agents allowed a large vertical gap to exist between the floor of the aircraft door and the surface of the jet bridge, which created a dangerous and unsafe condition for passengers exiting the aircraft, especially passengers with mobility impairments like the Plaintiff.

16. United and its employees and agents failed to:

a. Assure that there was a smooth and level surface between the floor of the aircraft door and the surface of the jet bridge to allow Plaintiff to safely disembark the aircraft;

b. Use an adaptor bridge, ramp, or other device to cover the large vertical gap which existed between the floor of the aircraft door and the surface of the jet bridge to allow Plaintiff to safely disembark the aircraft;

c. Correct the dangerous condition;

d. Warn Plaintiff of the hazardous condition;

e. Assist and reasonably accommodate Plaintiff in disembarking the aircraft; and,

f. Appropriately train flight attendants regarding disembarking procedures, identifying and remedying unsafe conditions on the aircraft and jet bridge to avoid injuries to passengers while deplaning, and providing appropriate assistance and accommodations to passengers with mobility impairments.

17. As a result of the foregoing acts or omissions by United and its employees and agents, Plaintiff suffered significant personal injuries, including a broken right femur, pain and suffering, and other injuries and damages to be proven at trial.

18. The above acts or omissions by United and its employees and agents which proximately caused Plaintiff's injuries were unexpected and unusual events or happenings external to the Plaintiff and therefore each

and every act or omission constitutes an Accident under Article 17 of the Montreal Convention.

19. Under Articles 17 and 21 of the Montreal Convention, United is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiff, Rebecca Homkes, respectfully requests that the Court enter judgment in her favor and against the Defendants, United Airlines, Inc. and United Airlines Holdings, Inc., and award her all damages available under the law, her court costs in this matter, and such other relief as the Court deems just and proper.

### Count II – Negligence

13. Plaintiff incorporates her allegations 1 through 12 above as though set forth fully herein.

14. As a common carrier, United owes a legal duty to provide its passengers, including the Plaintiff, with a safe means of ingress and egress from the aircraft.

15. After flight UA2035 parked at the gate, United and its employees and agents allowed a large vertical gap to exist between the floor of the aircraft door and the surface of the jet bridge, which created a dangerous and unsafe condition for passengers exiting the aircraft, especially passengers with mobility impairments like the Plaintiff.

16. United and its employees and agents were negligent in one or more of the following respects:

a. They failed to assure that there was a smooth and level surface between the floor of the aircraft door and the surface of the jet bridge to allow Plaintiff to safely disembark the aircraft;

b. They failed to use an adaptor bridge, ramp, or other device to cover the large vertical gap which existed between the floor of the aircraft door and the surface of the jet bridge to allow Plaintiff to safely disembark the aircraft;

c. They failed to otherwise correct or ameliorate the dangerous condition;

d. They failed to warn Plaintiff of the hazardous condition;

e. They failed to assist and reasonably accommodate Plaintiff in disembarking the aircraft;

f. They failed to properly train flight attendants regarding disembarking procedures, identifying and remedying unsafe conditions on the aircraft and jet bridge to avoid injuries to passengers while deplaning, and providing appropriate assistance and accommodations to passengers with mobility impairments; and,

g. They were otherwise negligent.

17. As a result of the foregoing negligent acts or omissions by United and its employees and agents, Plaintiff suffered significant personal

injuries, including a broken right femur, pain and suffering, and other injuries and damages to be proven at trial.

18. The above acts or omissions by United and its employees and agents proximately caused Plaintiff's injuries.

19. United is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiff, Rebecca Homkes, respectfully requests that the Court enter judgment in her favor and against the Defendants, United Airlines, Inc. and United Airlines Holdings, Inc., and award her all damages available under the law, her court costs in this matter, and such other relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

Dated: March 26, 2020        Respectfully submitted,

By: /s/ *Austin Bartlett*
Austin Bartlett (ARDC No. 6273427)
**BartlettChen LLC**
150 North Michigan Avenue, Suite 2800
Chicago, Illinois 60601
(312) 624-7711
www.bartlettchenlaw.com
austin@bartlettchenlaw.com

*Counsel for Plaintiff*